IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ANTHONY ISBY**                                                                    **PETITIONER**

**V.**                                **CIVIL ACTION NO. 1:21-CV-187-SA-DAS**

**COMMISSIONER OF THE MISSISSIPPI
DEPARTMENT OF CORRECTIONS and
ATTORNEY GENERAL OF THE STATE
OF MISSISSIPPI**                                            **RESPONDENTS**

## ORDER AND MEMORANDUM OPINION

On December 13, 2021, Anthony Isby, through counsel, filed a Petition for Writ of *Habeas Corpus* [1] pursuant to 28 U.S.C. § 2254. The Respondents filed a Motion to Dismiss [7] on May 20, 2022. The Motion [7] has been fully briefed and is ripe for review.

*Relevant Background*

On August 29, 2000, a jury in the Circuit Court of Lee County, Mississippi, found Isby and his co-defendant, Augusta Hughes, guilty of armed robbery for a robbery that allegedly occurred on July 5, 1997 in the parking lot of the Sonic in Nettleton, Mississippi. *See* [1], Ex. 2 at p. 1-2. The trial court sentenced Isby to serve a term of 25 years in the custody of the Mississippi Department of Corrections ("MDOC"). *Id*. at p. 3.

In Isby's first federal habeas proceeding, this Court explained much of Isby's efforts to obtain post-conviction relief, describing the same as follows:

> Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, which affirmed his conviction and sentence. *Isby v. State*, 820 So.2d 8 (Miss. App. 2002), *reh'g. denied* March 26, 2002, *cert. denied*, June 27, 2022 (Cause No. 2000-KA-01896-COA).
>
> On July 2, 2003, a letter was filed in Petitioner's Mississippi Supreme Court case informing him that his "Motion for Leave to Proceed in the Trial Court for a New Trial" and "Brief in Support of Application" were not processed because they had not been signed.

> (*See* Resp't Mot. To Dismiss, Ex. D). Based on the information available to the Court, Petitioner did not subsequently file a proper application to proceed in the trial court.
>
> On July 29, 2009, Petitioner signed a "Petition for an Order to Show Cause" that was filed in Lee County Circuit Court Cause No. CV09-115. (Resp't Mot. to Dismiss, Ex. E). The trial court continued the motion until Petitioner exhausted his administrative remedies through the Department of Corrections. (*See id.*, Ex. F). The trial court subsequently treated it as a motion for post-conviction relief and denied it by order entered March 1, 2010. (*See id.*, Ex. G). Thereafter, Petitioner signed a "Motion for Reduction of Sentence" and submitted it to the trial court. (*Id.*, Ex. H). The court construed it as a successive petition for post-conviction relief, and on April 22, 2010, the trial court entered an order dismissing it as procedurally barred pursuant to Miss. Code Ann. § 99-39-5(2). (*Id.*, Ex. I). There is no indication that Petitioner challenged the trial court's denial and dismissal of his post-conviction motions. He did, however, file a "Motion for Sentence Order" which was signed on October 3, 2011. (*Id.*, Ex. J). It appears as though this was the last pleading filed in his civil case, and that a ruling on the motion has not issued.

*Isby v. King*, 2012 WL 4738715, at *1 (N.D. Miss. Oct. 3, 2012).

In his first federal habeas petition, Isby sought relief based upon a claim of actual innocence. In its Memorandum Opinion and Order entered in that case on October 3, 2012, this Court found that the petition, which was filed on April 13, 2012 (several years after his conviction), was untimely and therefore dismissed it *with prejudice*. *See id.* at *2-3 ("Therefore, the Court concludes that the instant petition is untimely, and that Respondent is entitled to the grant of its motion. . . The Court **GRANTS** Respondents' [sic] 'Motion to Dismiss Pursuant to § 2244(d)' and **DISMISSES** with prejudice the petition filed in this cause. For the reasons set forth herein, the Court further **ORDERS** that a certificate of appealability be denied, as Petitioner failed to show his petition timely and to make a 'substantial showing of the denial of a federal right.' 28 U.S.C. § 2253(c)(2).") (emphasis in original).

Fast forward to August 2015. At that time, Hughes (Isby's co-defendant), through the Mississippi Innocence Project, filed a petition for post-conviction relief in the Mississippi Supreme Court. *See Hughes v. State*, 309 So.3d 542, 545 (Miss. Ct. App. 2020) (explaining history of Hughes' post-conviction proceedings). In May 2017, the Mississippi Supreme Court held that Hughes could "present three of his claims to the circuit court: (1) newly discovered evidence; (2) the State's failure to disclose a key witness statement; and (3) ineffective assistance of counsel." *Id*. After the Circuit Court of Lee County denied Hughes' request for relief on these grounds, he appealed. *Id*.

On appeal, the Mississippi Court of Appeals walked through the evidence presented at the hearing and held that the Circuit Court "did not deal with all the facts presented and failed to address Hughes's *Brady* violation at all, warranting reversal and remand." *Id*. at 552. In reaching this conclusion, the Court of Appeals specifically pointed to evidence that the trial court failed to consider, such as the affidavit of Gary Hughes, wherein Gary said that he saw John Edwards, Jr. and Robby Riley on the night of the robbery and that they admitted to having "tried to rob the Sonic that night." *Id*. at 548.

On remand, the Circuit Court of Lee County entered a Memorandum Order granting Hughes' petition for post-conviction relief. *See* [2], Ex. 1. In doing so, the Circuit Court withdrew and dismissed Hughes' conviction and sentence, provided Hughes reasonable bail, and returned his case to the active criminal docket. *Id*. at p. 27.

After the Circuit Court of Lee County granted Hughes' requested relief, Isby, through his current habeas counsel (and after some additional filings in the Circuit Court of Lee County), filed an "Application for New Trial; Alternatively, to Proceed in the Trial Court for PCR Relief" in the

3

Mississippi Supreme Court. Via an Order dated April 6, 2021, the Mississippi Supreme Court denied Isby's request, holding as follows:

> Isby's conviction and sentence were affirmed on direct appeal, and the mandate issued on July 18, 2002. Hughes v. State, 820 So.2d 8 (Miss. Ct. App. 2002) (cert denied). Isby had three years within which to file his application for leave. Miss. Code Ann. § 99-39-5(2). "Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate . . . that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-5(2)(a)(i). Isby claims to have newly discovered evidence. Having duly considered this matter, the panel finds no merit to Isby's claims. Accordingly, the application for leave should be denied.

[7], Ex. 16 at p. 1.

On April 19, 2021, the Mississippi Supreme Court denied Isby's request for additional time to file a motion for rehearing. *See* [7], Ex. 17.

As noted above, Isby filed the present Petition [1] in this Court on December 13, 2021. In the Petition [1], Isby explains that Hughes has been granted a new trial "based both upon the newly-discovered evidence of innocence and the state's failure to disclose exculpatory evidence." [1] at p. 3. Isby contends that "[t]he same evidence which [Lee County Circuit Court] Judge Mims decisively held entitled Hughes to a new trial also entitles Isby to a new trial. This is because the substance of the claims made in Hughes' petition and those made in Isby's petition are identical. The claim is that newly-discovered evidence demonstrates that the real robbers were John Edwards, Jr., and Robby Riley, and not Isby and Hughes." *Id*. at p. 3-4. Isby contends that since Hughes has been granted a new trial, the failure to grant Isby a new trial constitutes a violation of his Fourteenth Amendment rights.

4

As previously noted, the Respondents have requested dismissal of the Petition [1] via a Motion to Dismiss [7].

*Analysis and Discussion*

The basis for the Respondents' Motion [7] is a straightforward one. They contend that the Petition [1] is improper as a successive federal habeas petition and that it should be dismissed pursuant to 28 U.S.C. § 2244(b). *See* [7] at p. 17 ("Petitioner's challenge to his armed robbery conviction and sentence in the instant federal habeas Petition is successive; therefore, Respondents request that this Court dismiss the unauthorized second Petition with prejudice for lack of jurisdiction."). In pertinent part, Section 2244(b) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate *court of appeals* for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A) (emphasis added).

The statutory language itself thus makes clear that prior to the filing of a successive habeas petition, a petitioner must obtain an order authorizing the same and that such authorization must come from a court of appeals. *See, e.g.*, *In re Davis*, 121 F.3d 952, 953 (5th Cir. 1997) ("Pursuant to the amendments to the habeas statutes resulting from the anti-Terrorism and Effective death Penalty Act (AEDPA), a habeas applicant must obtain an order from a court of appeals authorizing the district court to consider such a second or successive application. And, we may authorize the filing of such an application only if we determine that it makes a prima facie showing that the application satisfies the requirements of 28 U.S.C. § 2244(b)(1) and (2).") (citing 28 U.S.C. § 2244(b)(3)(A); (b)(3)(C) (internal citations omitted).

Against that backdrop, the Court first notes a clear inaccuracy set forth in Isby's Petition [1], wherein he specifically states that he "has not filed any previous petitions in this Court." [1]

at p. 6. The Court has already addressed in some detail Isby's original federal habeas petition, which was dismissed as untimely.

In his Response Memorandum [12], Isby apparently concedes that the present Petition [1] is not his first federal habeas petition. However, he takes the position that the present Petition [1] is not a successive petition because his first habeas petition "was dismissed for procedural reasons, and not on the merits[.]" [12] at p. 7. To support this argument, Isby cites the Supreme Court's 2000 decision in *Slack v. McDaniel*, quoting the following language from that decision: "A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Id*. at p. 6 (quoting *Slack v. McDaniel*, 529 U.S. 473, 485-86, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)).

Although Isby's argument makes sense in the abstract, it falters because it is not an accurate representation of this Court's ruling on the original federal habeas petition.

In its Memorandum Opinion and Order entered in that case, this Court held that his petition based on actual innocence was untimely, as it was filed well beyond the one-year limitations period set forth in the AEDPA and equitable tolling was not applicable. *See Isby*, 2012 WL 4738715 at *2 ("The Court finds Petitioner's unsupported allegation insufficient to overstep the limitations period of the AEDPA. . . Although Petitioner claims he is actually innocent of the crime of conviction, the Fifth Circuit has held that claims of actual innocence do not justify equitable tolling.") (citations omitted). This Court therefore dismissed the petition *with prejudice*.

Since there can be no dispute that a previous petition was filed (and dismissed), the question therefore becomes whether that petition "counts" for purposes of Section 2244(b)(3)(A) and renders the present Petition [1] successive. The Fifth Circuit has previously addressed this question.

6

In *In re Flowers*, 595 F3d. 204 (5th Cir. 2009) (per curiam), the defendant argued that he "need not obtain authorization to file a second § 2254 application attacking his conviction because his first § 2254 application was dismissed as time barred." *Id*. at 205. The Fifth Circuit specifically rejected this argument, holding that:

> Because the claims Flowers raises in his proposed § 2254 application were or could have been raised in his first § 2254 application, which was filed in 1998 and later that year was dismissed as time-barred under section 2244(d)(1)(A) (and as to which dismissal we and the district court denied a certificate of appealability), the instant application is successive.

*Id*. (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)) (additional citations omitted).

The Fifth Circuit has reached the same conclusion on other occasions. *See Creel v. Banks*, 719 F. App'x 392, 393 (5th Cir. 2018) (per curiam) ("[The petitioner's] 1998 petition was dismissed as both procedurally barred and time barred, which rendered any subsequently filed habeas petition successive."); *see also Higginbotham v. Barnes*, 2022 WL 795433, at *1 (5th Cir. Mar. 15, 2022) (per curiam) ("Higginbotham's 2013 § 2254 application was dismissed as time barred, and his argument challenging that dismissal is unpersuasive; his current application is therefore successive.").

On the other hand, as noted above, Isby relies on the Supreme Court's decision in *Slack*, 529 U.S. 485-86. But *Slack* addressed a situation where the initial habeas petition was dismissed *without prejudice* for failure to exhaust state remedies. *See id*. Such is not the case here, as this Court specifically dismissed Isby's original petition *with prejudice* as time barred.

Ultimately, the case law does not support Isby's position, as he has not cited a single case wherein the dismissal of an original habeas petition as time barred did not render a subsequently filed petition successive. The present Petition [1] is successive, and this Court lacks jurisdiction to resolve it.

7

Having reached that conclusion, the Court still must decide how to dispose of the Petition [1]. District courts maintain discretion to transfer successive habeas petitions to the Fifth Circuit, as opposed to dismissing them. *See, e.g., In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting forth procedure for handling transferred petitions). Isby urges this Court to transfer the Petition [1]—as opposed to dismissing it—on the basis that, if the Court simply dismisses the Petition [1], he will be unable to re-file it in the Fifth Circuit because: "The one-year statute of limitations is not tolled while this present habeas corpus petition has been pending. Thus, while this Petition is pending, the one-year statute of limitations has expired. Any new petition will be time-barred. Therefore, if this Petition is successive, then it should be transferred to the Fifth Circuit; not dismissed." [12] at p. 7 (citations omitted).

This Court sees no need to stray from its customary procedure of transferring petitions of this nature, as opposed to dismissing them. The Court will therefore transfer the Petition [1] so that Isby may seek authorization from the Fifth Circuit for this Court to consider his request, pursuant to 28 U.S.C. § 2244.

In reaching this conclusion, the Court is cognizant of the perceived inequity associated with the result—particularly in light of Isby's co-defendant having received a new trial. However, this Court is likewise aware of its role and its duty to comply with the applicable statute. Isby may very well have a viable actual innocence claim; however, the decision as to whether Isby can proceed on this claim is within the discretion of the Court of Appeals—not this Court. Should the Fifth Circuit grant authorization, this Court will certainly take up the merits of Isby's contention.

*Conclusion*

For the reasons set forth above, the Respondents' Motion to Dismiss [7] is GRANTED. The Clerk of Court is hereby directed to TRANSFER Isby's § 2254 Petition [1] and the entire

record to the Fifth Circuit Court of Appeals in accordance with § 2244 and *In re Epps*, 127 F.3d at 365. This CASE is CLOSED.

SO ORDERED, this the 22nd day of March, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE