IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANTHONY ISBY                                        PETITIONER

V.                                    CIVIL ACTION NO. 1:21-CV-187-SA-DAS

COMMISSIONER OF THE MISSISSIPPI
DEPARTMENT OF CORRECTIONS and
ATTORNEY GENERAL OF THE STATE
OF MISSISSIPPI                                RESPONDENTS

ORDER AND MEMORANDUM OPINION

On March 22, 2023, this Court issued an Order and Memorandum Opinion [16] granting the Respondents' request for dismissal of Isby's *habeas corpus* petition. In that ruling, rather than outright dismissing Isby's petition, the Court transferred it to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b). Isby thereafter filed a Motion for Reconsideration [17]. That Motion [17] has been fully briefed and is now ripe for review.[1]

*Relevant Factual and Procedural Background*[2]

On August 29, 2000, a jury in the Circuit Court of Lee County, Mississippi, found Isby and his co-defendant, Augusta Hughes, guilty of armed robbery for a robbery that allegedly occurred on July 5, 1997 in the parking lot of the Sonic in Nettleton, Mississippi. *See* [1], Ex. 2 at p. 1-2. The trial court sentenced Isby to serve a term of 25 years in the custody of the Mississippi Department of Corrections ("MDOC"). *Id*. at p. 3. He is now on parole.

In Isby's first federal habeas proceeding, this Court explained much of Isby's efforts to obtain post-conviction relief as follows:

---

[1] The Court notes that the Fifth Circuit stayed its proceedings until this Court's resolution of the present Motion [17]. *See In re: Anthony Isby*, Fifth Circuit Court of Appeals Cause No. 23-60143.
[2] Much of the factual recitation set forth herein is identical to the Court's previous Order and Memorandum Opinion [16].

> Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, which affirmed his conviction and sentence. *Isby v. State*, 820 So.2d 8 (Miss. App. 2002), *reh'g. denied* March 26, 2002, *cert. denied*, June 27, 2022 (Cause No. 2000-KA-01896-COA).
>
> On July 2, 2003, a letter was filed in Petitioner's Mississippi Supreme Court case informing him that his "Motion for Leave to Proceed in the Trial Court for a New Trial" and "Brief in Support of Application" were not processed because they had not been signed. (*See* Resp't Mot. To Dismiss, Ex. D). Based on the information available to the Court, Petitioner did not subsequently file a proper application to proceed in the trial court.
>
> On July 29, 2009, Petitioner signed a "Petition for an Order to Show Cause" that was filed in Lee County Circuit Court Cause No. CV09-115. (Resp't Mot. to Dismiss, Ex. E). The trial court continued the motion until Petitioner exhausted his administrative remedies through the Department of Corrections. (*See id.*, Ex. F). The trial court subsequently treated it as a motion for post-conviction relief and denied it by order entered March 1, 2010. (*See id.*, Ex. G). Thereafter, Petitioner signed a "Motion for Reduction of Sentence" and submitted it to the trial court. (*Id.*, Ex. H). The court construed it as a successive petition for post-conviction relief, and on April 22, 2010, the trial court entered an order dismissing it as procedurally barred pursuant to Miss. Code Ann. § 99-39-5(2). (*Id.*, Ex. I). There is no indication that Petitioner challenged the trial court's denial and dismissal of his post-conviction motions. He did, however, file a "Motion for Sentence Order" which was signed on October 3, 2011. (*Id.*, Ex. J). It appears as though this was the last pleading filed in his civil case, and that a ruling on the motion has not issued.

*Isby v. King*, 2012 WL 4738715, at *1 (N.D. Miss. Oct. 3, 2012).

In his first federal habeas petition, Isby sought relief based upon a claim of actual innocence. In its Memorandum Opinion and Order entered in that case on October 3, 2012, this Court found that the petition, which was filed on April 13, 2012 (several years after his conviction), was untimely and therefore dismissed it *with prejudice*. *See id*. at *2-3 ("Therefore, the Court concludes that the instant petition is untimely, and that Respondent is entitled to the grant of its motion. . . The Court **GRANTS** Respondents' [sic] 'Motion to Dismiss Pursuant to § 2244(d)' and **DISMISSES** with prejudice the petition filed in this cause. For the reasons set forth herein, the

2

Court further **ORDERS** that a certificate of appealability be denied, as Petitioner failed to show his petition timely and to make a 'substantial showing of the denial of a federal right.' 28 U.S.C. § 2253(c)(2).") (emphasis in original).

Fast forward to August 2015. At that time, Hughes (Isby's co-defendant), through the Mississippi Innocence Project, filed a petition for post-conviction relief in the Mississippi Supreme Court. *See Hughes v. State*, 309 So.3d 542, 545 (Miss. Ct. App. 2020) (explaining history of Hughes' post-conviction proceedings). In May 2017, the Mississippi Supreme Court held that Hughes could "present three of his claims to the circuit court: (1) newly discovered evidence; (2) the State's failure to disclose a key witness statement; and (3) ineffective assistance of counsel." *Id*. After the Circuit Court of Lee County denied Hughes' request for relief on those grounds, he appealed. *Id*.

On appeal, the Mississippi Court of Appeals walked through the evidence presented at the hearing and held that the Circuit Court "did not deal with all the facts presented and failed to address Hughes's *Brady* violation at all, warranting reversal and remand." *Id*. at 552. In reaching this conclusion, the Court of Appeals specifically pointed to evidence that the trial court failed to consider, such as the affidavit of Gary Hughes, wherein Gary said that he saw John Edwards, Jr. and Robby Riley on the night of the robbery and that they admitted to having "tried to rob the Sonic that night." *Id*. at 548.

On remand, the Circuit Court of Lee County entered a Memorandum Order granting Hughes' petition for post-conviction relief. *See* [2], Ex. 1. In doing so, the Circuit Court withdrew and dismissed Hughes' conviction and sentence, provided Hughes reasonable bail, and returned his case to the active criminal docket. *Id*. at p. 27.

After the Circuit Court of Lee County granted Hughes' requested relief, Isby, through his current habeas counsel (and after some additional filings in the Circuit Court of Lee County), filed an "Application for New Trial; Alternatively, to Proceed in the Trial Court for PCR Relief" in the Mississippi Supreme Court. Via an Order dated April 6, 2021, the Mississippi Supreme Court denied Isby's request, holding as follows:

> Isby's conviction and sentence were affirmed on direct appeal, and the mandate issued on July 18, 2002. Hughes v. State, 820 So.2d 8 (Miss. Ct. App. 2002) (cert denied). Isby had three years within which to file his application for leave. Miss. Code Ann. § 99-39-5(2). "Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate . . . that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-5(2)(a)(i). Isby claims to have newly discovered evidence. Having duly considered this matter, the panel finds no merit to Isby's claims. Accordingly, the application for leave should be denied.

[7], Ex. 16 at p. 1.

On April 19, 2021, the Mississippi Supreme Court denied Isby's request for additional time to file a motion for rehearing. *See* [7], Ex. 17.

As noted above, Isby filed the present Petition [1] in this Court on December 13, 2021. In the Petition [1], Isby explains that Hughes has been granted a new trial "based both upon the newly-discovered evidence of innocence and the state's failure to disclose exculpatory evidence." [1] at p. 3. Isby contends that "[t]he same evidence which [Lee County Circuit Court] Judge Mims decisively held entitled Hughes to a new trial also entitles Isby to a new trial. This is because the substance of the claims made in Hughes' petition and those made in Isby's petition are identical. The claim is that newly-discovered evidence demonstrates that the real robbers were John Edwards, Jr., and Robby Riley, and not Isby and Hughes." *Id*. at p. 3-4. Isby contends that since

4

Hughes has been granted a new trial, the failure to grant Isby a new trial constitutes a violation of his Fourteenth Amendment rights.

As previously noted, the Court previously held that Isby's petition was a successive petition and therefore transferred it to the Fifth Circuit Court of Appeals consistent with 28 U.S.C. § 2244. Isby now asks the Court to reconsider that ruling.

*Rule 59(e) Standard*

Rule 59(e) authorizes a district court to "alter or amend a judgment." FED. R. CIV. P. 59(e). "A Rule 59 motion is the proper vehicle by which a party can 'correct manifest error of law or fact' or 'present newly discovered evidence.'" *Surratt v. Tractor Supply Co.*, 2020 WL 6051260 at *1 (N.D. Miss. Oct. 13, 2020) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)) (additional citation omitted). The Fifth Circuit has explicitly directed that Rule 59(e) motions should not be granted unless: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

Importantly, "motions for reconsideration 'should not be used to . . . re-urge matters that have already been advanced by a party.'" *O'Hara v. Travelers, Also Named, The Automobile Ins. Co. of Hartford, Conn.*, 2012 WL 12884579, *1 (S.D. Miss. July 20, 2012) (quoting *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009)) (additional citations omitted). Stated differently, "[a] party should not attempt to use the Rule 59 motion for the purpose of 'rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Surratt*, 2020 WL 6051260, at *1.

5

*Analysis and Discussion*

The Court will begin by summarizing Isby's original arguments and its original ruling and then turn to Isby's assertions in the present Motion [17].

Initially, Isby took the position that his petition was not successive because his first federal habeas petition "was dismissed for procedural reasons, and not on the merits[.]" [12] at p. 7. In making this argument, Isby relied on *Slack v. McDaniel*, where the Supreme Court held that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Id*. at p. 6 (quoting *Slack v. McDaniel*, 529 U.S. 473, 485-86, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)).

In the Order and Memorandum Opinion [16], this Court rejected that argument, noting that although Isby's first federal habeas petition was dismissed, it was *not* dismissed for failure to exhaust state remedies. Rather, it was dismissed *with prejudice* as being untimely filed, as it was not filed within the one-year statute of limitations set forth in the AEDPA and equitable tolling did not apply.

Then, this Court analyzed whether Isby's first petition "counted" for purposes of Section 2244, which would render the present petition successive. The Court cited several Fifth Circuit cases and ultimately concluded that the present petition was successive.

Isby now asks the Court to reconsider that ruling. In asking for reconsideration, Isby reasserts his arguments that the present petition is not successive. In making this argument, he contends that his present "claim is based squarely upon a Mississippi Supreme Court order dated April 7, 2021. This order did not exist in 2012, when Isby filed his first petition." [18] at p. 3. In other words, Isby takes the position that his present petition is based upon an order that did not

exist at the time of his original petition and that the Court should therefore not consider the present petition successive. As a secondary argument, Isby quotes a portion of this Court's previous Order and Memorandum Opinion [16], wherein this Court noted that he "may very well have a viable actual innocence claim . . ." *Id*. at p. 4. Isby contends that, considering this Court's language, there has been a credible showing of actual innocence "such that the successive writ doctrine does not apply." *Id*.

The Court begins with whether the petition is successive. The Fifth Circuit has explained that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Although it is not statutorily defined, the Fifth Circuit has defined a "later petition [as] successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id*. at 836-837 (quoting *Cain*, 137 F.3d at 235).

As explained above, Isby's original federal habeas petition raised a claim of actual innocence. The petition was dismissed as untimely filed. His present petition seeks for his conviction to be vacated based upon actual innocence. It is successive.

For the reasons articulated in the original Order and Memorandum Opinion [16] and herein, the Court rejects Isby's first argument.

Having (again) determined that the petition *is* successive, the Court turns to Isby's second argument—that the successive writ doctrine does not apply because there has been a credible showing of actual innocence. Arguing that the successive writ doctrine does not prohibit him from pursuing his claim for actual innocence, Isby relies on the Supreme Court's 2013 decision in *McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). As Isby

articulates it, "the Supreme Court has held that procedural bars can be overcome by 'a credible showing of actual innocence.'" [22] at p. 1 (quoting *McQuiggin*, 569 U.S. at 392).

Isby is correct that *McQuiggin* provides support for a petitioner to utilize an actual innocence claim to overcome a procedural bar to relief. *McQuiggin*, 569 U.S. at 386. In fact, the Supreme Court specifically held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *Id*.

However, the issue currently before this Court is narrower and more nuanced. In pertinent part, Section 2244(b) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate *court of appeals* for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A) (emphasis added).

The Fifth Circuit has articulated the applicable procedure surrounding successive habeas petitions as follows:

> Pursuant to the amendments to the habeas statutes resulting from the anti-Terrorism and Effective death Penalty Act (AEDPA), a habeas applicant *must* obtain an order *from a court of appeals* authorizing the district court to consider such a second or successive application. And, we may authorize the filing of such an application only if we determine that it makes a prima facie showing that the application satisfies the requirements of 28 U.S.C. § 2244(b)(1) and (2).

*In re Davis*, 121 F.3d 952, 953 (5th Cir. 1997) (citing 28 U.S.C. § 2244(b)(3)(A); (b)(3)(C) (internal citations omitted; emphasis added).

The District Court for the Northern District of Texas recently faced a synonymous situation. *Mundine v. Director, TDCJ-CID*, 2023 WL 3105080, at *1 (E.D. Tex. Apr. 26, 2023). There, the habeas petitioner argued that he should be permitted to proceed on his successive habeas

petition pursuant to "the actual innocence and miscarriage of justice exception for successive petitions[.]" *Id*. The district court specifically held that "the actual innocence exception does not allow a petitioner to avoid the statutory gatekeeping provisions for second or successive petitions." *Id*. (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)). Additionally, the court noted "[t]here is no provision in the law allowing the district court to consider a successive petition merely because the petitioner asserts that he is actually innocent or that the state court judgment is void; rather, these are claims which may be presented to the Court of Appeals as part of a showing that leave to file a successive petition should be granted." *Id*. (quoting *Butler v. Dir., TDCJ-CID*, 2010 WL 2024877, at *1 (E.D. Tex. May 18, 2010)).

Other district court decisions in this Circuit have reached the same conclusion. *See*, *e.g.*, *Gonzalez v. Davis*, 2018 WL 1413341, at *3 (S.D. Tex. Feb. 2, 2018) ("District courts lack jurisdiction over a successive habeas petition where the petitioner does not show that he has the authorization of the court of appeals. This is true even where the petitioner asserts a claim of actual innocence."); *Phillips v. Stephens*, 2014 WL 4978659, at *1 (N.D. Tex. Oct. 6, 2014); *Roberts v. Dir., TDCJ-CID*, 2022 WL 14954943, at *2 (N.D. Tex. Oct. 7, 2022) ("Because the current claims are successive, Roberts's failure to first obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider the current Section 2254 application."); *Gatson v. Dir., TDCJ-CID*, 2023 WL 2144162, at *1-2 (N.D. Tex. Jan. 18, 2023) (report and recommendation later adopted by district court).

Fifth Circuit precedent also supports a conclusion that this Court lacks jurisdiction. *See*, *e.g.*, *Jackson v. Lumpkin*, 25 F.4th 339 (5th Cir. 2022). There, Trenton Jackson was convicted of murder in Texas state court and sentenced to life imprisonment. *Id*. at 339. The district court dismissed Jackson's habeas petition because he failed to comply with the AEDPA's one-year

9

statute of limitations. *Id*. Jackson subsequently sought authorization from the Fifth Circuit to pursue successive habeas petitions; the Fifth Circuit denied both requests. *Id*. Then, Jackson filed in the district court a motion for relief from judgment pursuant to Rule 60(b)(6), arguing that new evidence supported his innocence and that his claim of actual innocence could overcome Section 2244(d)'s limitations period pursuant to *McQuiggins*. *Id*. at 340. The district court characterized Jackson's filing as a successive petition and, despite the fact that Jackson argued actual innocence, held that it lacked jurisdiction absent Fifth Circuit authorization. *Id*.

Jackson appealed. *Id*. The Fifth Circuit held that the district court properly characterized Jackson's filing as a successive habeas petition and further held that the district court properly transferred it pursuant to 28 U.S.C. § 2244. *Id*. at 341.

Although there are undoubtedly factual distinctions between *Jackson* and the case *sub judice*, the Court finds that it does provide *some* guidance. In particular, the Court finds it noteworthy that even though Jackson argued that newly-discovered evidence supported his actual innocence claim, the Fifth Circuit nevertheless held that the filing was a successive petition appropriately transferred pursuant to 28 U.S.C. § 2244. That is quite similar to the situation the Court currently faces.

In arguing for a different result, Isby asks this Court to consider the merits of his actual innocence claim while ignoring the unambiguous statutory language mandating that a court of appeals must first authorize the filing of a successive petition. As this Court previously held, Isby may very well have a viable actual innocence claim, and this Court is sympathetic to his position. Nothing in the Court's decision today should be construed as an indication that this Court discounts Isby's actual innocence contention. In fact, the Court is aware that Isby's co-defendant, Augusta Hughes, has successfully obtained post-conviction relief.

10

However, jurisdiction comes first. *See*, *e.g.*, *In re GenOn Mid-Atlantic Dev.*, LLC, 42 F.4th 523, 533 (5th Cir. 2022). And the statute is abundantly clear that the appropriate determination is not one that *this* Court is empowered to make at this juncture. Instead, Isby must obtain authorization from the Fifth Circuit to proceed with his successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A) (noting that "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

If the Fifth Circuit determines that Isby has made a prima facie showing of actual innocence, as required by 28 U.S.C. § 2244(b)(3)(C), and grants him authorization to pursue his actual innocence claim, this Court will expeditiously consider that claim. But until that time, this Court lacks authority to grant the relief Isby seeks.

*Conclusion*

For the reasons set forth above, Isby's Motion to Reconsider [17] is DENIED. This CASE remains CLOSED.

SO ORDERED, this the 12th day of December, 2023.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE